**Madline JOSEPH, Plaintiff–Appellant,**

v.

**HOUSEHOLD FINANCE CORP.,
Defendant–Appellee.**

No. 04–16393.

United States Court of Appeals,
Ninth Circuit.

Submitted * July 28, 2006.

Filed Aug. 9, 2006.

Rosval A. Patterson, Esq., Patterson & Patterson, Phoenix, AZ, for Plaintiff–Appellant.

Jane E. Reddin, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendant–Appellee.

Before: MERRITT,** KLEINFELD, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gilbert S. Merritt, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

Plaintiff Joseph appeals the district court's grant of summary judgment in favor of defendant Household Finance as to her Title VII unlawful termination claims and various state law claims. For the reasons discussed below, we affirm.

To survive summary judgment under the *McDonnell–Douglas* framework in a Title VII case, a plaintiff must raise a genuine issue of material fact "that a discriminatory reason more likely motivated the employer to make the challenged employment decision" than the employer's proffered explanation or that the employer's explanation is a pretext for discrimination. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir.2006) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (internal quotation marks omitted)). In support of her Title VII claims, Joseph has presented only stray remarks unrelated to her termination and a litany of distinguishable employee misdeeds. She has provided no evidence that the legitimate explanation given by her employer was pretextual and, therefore, has failed to meet her burden under the *McDonnell Douglas* framework.

Joseph's state law claims also have no merit, and some of them have been waived or abandoned on appeal. Her breach of contract claim novelly posits that execution of several restricted stock rights agreements transformed her employment-at-will status into an arrangement for a term of years expiring when the last of specified unvested shares vested. Joseph cites no legal authority for this proposition, and her argument runs counter to the express language of both her employment contract and the restricted stock rights agreements.

Her claim for breach of a covenant of good faith and fair dealing—even if a cognizable claim under Arizona law—fails because she has shown nothing more than acts consistent with the terms of her contract. Her promissory estoppel claim suffers from the fatal flaw that Household Finance did not breach a promise to her. Finally, Joseph has waived or abandoned her claims for intentional infliction of emotional distress and defamation.

Accordingly, the district court's grant of summary judgment in favor of Household Finance on all claims is **AFFIRMED**.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

